UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN CHANDLER,

    Plaintiff,

    v.    CAUSE NO. 3:25-CV-357-GSL-JEM

RON NEAL, MARK NEWKIRK,
JOSHUA WALLEN, and IDOC ENTITY,

    Defendants.

OPINION AND ORDER

Kevin Chandler, a prisoner without a lawyer, filed a complaint alleging he was held in segregation for thirty-eight days longer than he believes he should have been. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chandler alleges he signed a paper which should have gotten him released from segregation on March 22, 2023. However, he remained there until April 29, 2023. He argues this was false imprisonment in violation of the Fourth Amendment, the

Fourteenth Amendment, and that part of the Indiana Constitution which mirrors the Fourth Amendment:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

Indiana Constitution, Art. 1, Sec. 11. This creative legal theory is wrong.

Chandler is not falsely imprisoned. He was lawfully sentenced in 2007 to forty years imprisonment for attempted murder. *Chandler v. State*, 247 N.E.3d 790 (Ind. Ct. App. 2024) (table), transfer denied, 250 N.E.3d 1059 (Ind. 2025). A claim of false imprisonment is not based on where one is imprisoned, it is based on the lawfulness of the restraint. *See Bentz v. City of Kendallville*, 577 F.3d 776, 779 (7th Cir. 2009) ("Under Indiana law, false imprisonment is defined as the *unlawful* restraint upon one's freedom of movement or the deprivation of one's liberty without consent." *Earles v. Perkins*, 788 N.E.2d 1260, 1265 (Ind. Ct. App. 2003). (emphasis added)). Chandler argues holding him in segregation after he served his disciplinary sanction is unlawful because it violates IDOC Policy 02-04-102. However, IDOC Policy 02-04-111 permits him to be held in segregation for administrative reasons and "prisoners possess neither liberty nor property [interests] in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) citing *Meachum v. Fano*, 427 U.S. 215 (1976), and *Montanye v. Haymes*, 427 U.S. 236 (1976).

"After *Sandin* [*v. Conner*, 515 U.S. 472 (1995)], it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding

2

restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (quotation marks and citation omitted). Inmates do not have a liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 772 (7th Cir. 2008) and *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). Only placement in long-term segregation approaching a year or more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009). The extra thirty-eight days Conner spent in segregation are insufficient to state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on April 29, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

3